# United States Court of Appeals for the Fifth Circuit

———————————

No. 22-60382
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2023

Lyle W. Cayce
Clerk

Chetan Thapa,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 874 572

———————————————————

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Chetan Thapa, a native and citizen of Nepal, petitions for review of the Board of Immigration Appeals' (BIA) affirmance of the Immigration Judge's (IJ) denial of his applications for asylum and withholding of removal. Thapa claimed that Maoists have targeted him for several years due to his political opinions and political activities. Specifically, he claimed that

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60382

Maoists once attacked him and others with stones because they were campaigning for a rival political candidate. On another occasion, Maoists attacked Thapa after he intervened to protect other family members from harm. However, Thapa alleges no physical injury requiring medical care beyond self care. He avers that Maoists still ask about his whereabouts as they continue to target and harass his family members.

We review only the BIA's decision, "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Thus, the IJ's decision will be considered insofar as it affected the BIA's decision. *Id.* This court applies the substantial evidence standard in reviewing the BIA's factual conclusions that an alien is not eligible for asylum or withholding of removal. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); 8 U.S.C. § 1252(b)(4)(B). "Under the substantial evidence standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Chen*, 470 F.3d at 1134 (internal quotation marks and citations omitted).

Contrary to Thapa's assertion, the record demonstrates that the IJ and BIA properly considered the cumulative effect of all the incidents of harm before concluding that, together, they did not amount to past persecution. Likewise, the record also demonstrates that the IJ and BIA properly considered Thapa's claim of fear of future persecution before concluding that he failed to demonstrate that the government of Nepal would be unable or unwilling to protect him.

Thapa fails to demonstrate that the evidence compels a conclusion contrary to that of the IJ and BIA with respect to his application for asylum. *See Gjetani v. Barr*, 968 F.3d 393, 398 (5th Cir. 2020); *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012); 8 C.F.R. § 1208.13(b)(2)(ii). Because he fails to meet the less stringent standard for asylum, he is

No. 22-60382

necessarily unable to establish entitlement to withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

His petition for review is DENIED.